[No. 11286.   Department One.   July 18, 1913.]

ROBERT LAVNER, *Respondent*, v. INDEPENDENT LIGHT & WATER COMPANY, *Appellant*.[1]

NUISANCE—PRIVATE NUISANCES—SMOKE AND SOOT—LIABILITY—RELIEF. Where smoke, soot, and fumes from a gas manufacturing plant were cast upon plaintiff's residence property to such an extent as to become the direct cause of substantial discomfort and inconvenience and to materially diminish its earning power, the plaintiff is entitled to an injunction and to damages for the losses sustained.

Appeal from a judgment of the superior court for Clarke county, Mitchell, J., entered October 8, 1912, upon findings in favor of the plaintiff, in an action for damages and to enjoin a nuisance, tried to the court.   Affirmed.

*Charles A. Johns* and *Miller, Crass & Wilkinson*, for appellant.

*Donald McMaster*, for respondent.

PARKER, J.—The plaintiff commenced this action seeking recovery of damages from the defendant, which he claims resulted to him from the casting of large quantities of soot, lamp black, and noxious fumes from the defendant's gas manufacturing plant upon residence property owned by him and situated near the defendant's plant, and also seeking an injunction restraining the continuation thereof; claiming such casting of soot, lamp black, and noxious fumes upon his property to be a nuisance.   A trial before the court resulted in findings and judgment in favor of the plaintiff awarding him $300 damages for past injuries and also an injunction as prayed for.   From this disposition of the cause, the defendant has appealed.

Some two years prior to the commencement of this action, appellant constructed an oil gas manufacturing plant in the city of Vancouver, which it has operated since then.   Since several years prior to the construction of appellant's plant,

[1]Reported in 133 Pac. 592.

respondent has owned three dwelling houses situated near its present location.  The evidence tends strongly to show, and we think is amply sufficient to warrant the trial court in believing, the following:  In the operation of appellant's plant, oil is used as fuel, and there is emitted therefrom smoke, soot, lamp black, and noxious fumes.  The prevailing winds are directly from appellant's plant towards respondent's dwelling houses, and prior to the trial of this action there was cast upon respondent's property from appellant's plant large quantities of smoke, soot, lamp black, and noxious fumes, which also penetrated into his houses, thereby rendering them much less desirable for occupancy as dwellings than they would be in the absence of the smoke, soot, and noxious fumes he complains of.  This compelled the respondent to rent his dwellings at much less per month than he would otherwise have been able to obtain for them, and it also resulted in his having some difficulty in keeping his tenants, some of whom vacated his houses for that reason.  Respondent was thus damaged, up to the time of the commencement of this action, by reason of loss of rents at least to the extent of $300, which sum the court found in his favor.  At the time of the trial of this action, continued operation of appellant's plant in the same manner was threatened.

This, like all cases of nuisance of this character, must depend upon its own peculiar circumstances, in view of the fact that appellant was carrying on a lawful business and respondent's injury resulted from the operation of that business.  The law has been unable to lay down any very exact test as to when a person damaged by smoke and fumes from such a plant is entitled to relief by way of injunction or damages.  As said in 1 Wood, Nuisances (3d ed.), § 497:

"No precise test can be given as applicable to all cases, but the question of nuisance is one of *fact*, and must be determined by the jury from the circumstances of each case."

We think, however, in view of all the circumstances surrounding this controversy, the learned trial court was war-

ranted in concluding that the smoke, soot, and fumes cast upon respondent's property was of such character as to become the direct cause of substantial discomfort and inconvenience to respondent's tenants and that it materially diminished the earning value of his property, and that respondent was entitled to the relief granted. Joyce, Nuisances, § 135; *McGill v. Pintsch Compressing Co.*, 140 Iowa 429, 118 N. W. 786, 20 L. R. A. (N. S.) 466. We have not lost sight of our holding in *DeKay v. North Yakima & Valley R. Co.*, 71 Wash. 648, 129 Pac. 574, but we do not regard our holding in that case as in conflict with our conclusions in this case.

We are of the opinion that the learned trial court correctly disposed of the cause, and, therefore, affirm the judgment.

MOUNT, GOSE, and CHADWICK, JJ., concur.